UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-80457-CIV-SEITZ/SIMONTON

MID-CONTINENT CASUALTY CO.,

    Plaintiff,

v.

PRECISION DRYWALL, INC.,
NORTHSTAR HOLDINGS, INC.,
NORTHSTAR HOMES, INC., and
NORTHSTAR HOLDINGS AT B&A, LLC

    Defendants.
_____/

## ORDER DENYING AMENDED MOTION FOR FINAL DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff Mid-Continent Casualty Company's ("MCC") Amended Motion for Final Default Judgment [DE 69]. The Court will deny the motion because MCC has failed to establish that it is entitled to a final default judgment.

This is a declaratory relief action that MCC commenced against Northstar and others for the purpose of determining whether MCC has a duty to defend and indemnify Northstar against lawsuits filed by homeowners to whom it sold homes for damages arising out of Chinese drywall. MCC's Complaint alleges the following: Northstar is a developer that builds and then sells homes to prospective buyers. After certain homes were completed or put to their intended use, Northstar began to receive complaints from homeowners regarding Chinese drywall. [*See* DE 1 ¶¶ 12, 14]. Northstar has requested MCC, as the insurer of its contractor Precision, to defend and indemnify it as a result of the homeowners' claims.

The Court previously denied MCC's Motion for Final Default Judgment because MCC failed to attach the underlying lawsuits to the complaint, such that it was unclear on what lawsuits, if any, MCC was requesting a declaratory judgment. MCC has refiled its motion and has attached complaints from four class action lawsuits: *Abel et al v. Taishan Gypsum Co, Ltd. F/K/A Shandong Taihe Dongxin Co. Ltd. et al.*, Case No. 11-00080 (E.D. La. 2011); *Amato et al. v. Liberty Mutual Insurance Co.*, Case No. 10-00932

(E.D. La. 2010); *Wiltz et al. v. Beijing New Building Materials Public Ltd. Co. et al.*, Case No. 10-00361 (E.D. La. 2010); *Foster et al. v. Northstar Holdings, Inc. et al.*, Case No. 09-80535 (S.D. Fla. 2009).

After carefully reviewing the Complaint and the Amended Motion for Final Default Judgment, the Court still cannot ascertain on what lawsuits MCC seeks a declaration. MCC has not identified the homeowners' claims for which it seeks a declaration in either the Complaint or the Amended Motion for Final Default Judgment, and MCC did not identify the paragraphs in the four class action complaints that are pertinent to this lawsuit.[1] Including exhibits, the four complaints total 1252 pages. There are thousands of allegations and hundreds of parties in these four class actions, and most have nothing to do with the declaration that MCC seeks. This is the very problem for which shotgun pleadings are criticized. The Court can either sift through hundreds of pages and decide for itself which allegations are material to this cause or simply deny the motion. Because the Court relies on counsel seeking requested relief to do their job and focus the Court on the relevant facts, the Court will deny the motion. Therefore, it is

ORDERED that

(1) Plaintiff Mid-Continent Casualty Company's Motion for Final Default Judgment [DE 69] is DENIED.

(2) Plaintiff may seek leave to amend its complaint, but, given the passage of time, Plaintiff will need to show both good cause and excusable neglect to modify the scheduling order.

DONE AND ORDERED in Miami, Florida, this 22nd day of August, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  Judge Simonton
     All counsel of record

---

[1] Plaintiff lists paragraphs in a "Complaint," without identifying which of the four class action complaints. Nevertheless, the Court independently reviewed each of the four complaints, but none of the listed paragraphs is relevant to this lawsuit.